UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ELBERT DAWKINS, on behalf of himself and
all others similarly situated,

                              Plaintiff,

        v.                                                    Case No. 1:22-cv-2010 (FB-RER)

MOCIUN CORP.,

                              Defendant.

## CONSENT DECREE

1.      This Consent Decree is entered into as of the Effective Date, as defined below in

Paragraph 11, by and between the following parties: Plaintiff, ELBERT DAWKINS ("Plaintiff")

and Defendant, MOCIUN CORP ("Defendant") (Plaintiff and Defendant shall hereinafter be

collectively referred to as, the "Parties") for the purposes and on the terms specified herein.

### RECITALS

2.      Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§

12181 - 12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit

discrimination on the basis of disability in the full and equal enjoyment of the goods, services,

facilities, privileges, advantages, and accommodations of any place of public accommodation by

any private entity that owns, leases (or leases to), or operates any place of public

accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

3.      On April 8, 2022, Plaintiff filed this putative class action lawsuit on behalf of

himself and all others similarly situated against Defendant.  The Plaintiff alleged that those U.S.

portions of the website directed at consumers which can be accessed by U.S. based consumers

through the use of the domain name http:// www.mociun.com (the "Website" as further defined

DocuSign Envelope ID: 15619321-55CE-4E79-A716-67FB21024018

in Paragraph 14), contains barriers that prevent full and equal use by visual impaired persons, in violation of Title III of the ADA, 42 U.S.C. §§ 12181 *et seq*. ("ADA") and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-102, *et seq*. ("NYCHRL").

4.      Defendant expressly denies that the Website violates any federal, state or local Law, including the ADA, the NYSHRL, the NYSCRL, and the NYCHRL, and any other wrongdoing or liability whatsoever.  By entry into this Consent Decree, Defendant does not admit any wrongdoing.

5.      This Consent Decree resolves, settles, and compromises all issues between the Parties based on the allegations set forth in Plaintiff's Complaint and those claims or issues which arise from such allegations [ECF No. 1].

6.      This Consent Decree is entered into by the Plaintiff, individually, prior to a determination on class certification.  Therefore, notice to the putative class of this Consent Decree is not required under Fed. R. Civ. P. 23(e) nor appropriate.

## **JURISDICTION**

7.      Plaintiff alleges that Defendant is a private entity that owns and/or operates, or contracts to have operated, the Website which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology.  Plaintiff contends that Defendant's Website is a sales and service establishment whose operations affect commerce and a public accommodation subject to Title III of the ADA.  42 U.S.C §12181(7); 12182(a); 28 C.F.R. §§ 36.104, 36.201(a).   Defendant denies that its Website is a public accommodation or a place of public accommodation or is otherwise subject to Title III of the ADA and/or NYCHRL.

8.      Plaintiff is suing on his own behalf, and on behalf of all other individuals similarly situated as an aggrieved person pursuant to 42 U.SC. § 12188(b)(2)(b).

9.      This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188.  The Parties agree that for purposes of this action and this Consent Decree venue is appropriate.

## AGREED RESOLUTION

10.      Plaintiff and Defendant agree that it is in the Parties' best interest to resolve this putative class action lawsuit on mutually agreeable terms without further litigation.  Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in the Complaint. In resolution of this action, the Parties hereby **AGREE** and the Court expressly **APPROVES, ENTERS, AND ORDERS** the following:

## DEFINITIONS

11.      "Effective Date" means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

12.      "Person(s) with a visual impairment" means any person who has a visual impairment who meets the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200.

13.      "Reasonable Efforts" means, with respect to a given goal or obligation, the commercially reasonable efforts that a reasonable person in Defendant's position would use to achieve that goal or obligation and, with respect to Defendant's Website, shall mean commercially reasonable efforts so as to achieve substantial conformity with Worldwide Web Consortium's Web Content Accessibility Guidelines 2.0 and/or Web Content Accessibility Guidelines 2.1 Level A and AA Success Criteria (as defined therein).

a.      Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in paragraphs 19 through 24 of this Consent Decree.

3

DocuSign Envelope ID: 45619321-55CE-4E79-A710-67FB21024018

b.      Reasonable Efforts shall be interpreted so as not to require Defendant to undertake efforts whose cost, difficulty or impact on Defendant's Website could constitute an undue burden, as defined in Title III of the ADA, but as applied solely to Defendant's Website - as though it is a standalone business entity, or which could result in a fundamental alteration in the manner in which Defendant operates its Website - or the primary functions related thereto; or which could result in a loss of revenue or traffic on its Website related operations.

c.      In achieving such conformance, Defendant may, among other things, rely upon, in whole or in part, the User Agent Accessibility Guidelines ("UAAG") 1.0; the Authoring Tool Accessibility Guidelines ("ATAG") 2.0; the Guidance on Applying WCAG 2.1 to Non-Web Information and Communications Technologies ("WCAG2.1 ICT"), published by the Web Accessibility Initiative of the World Wide Web Consortium ("W3C"); as well as other guidance published by the W3C's Mobile Accessibility Task Force; the British Broadcasting Corporation Mobile Accessibility Standards and Guidelines 1.0 ("BBCMASG 1.0") or any combination thereof.

d.      If Defendant, in reasonable reliance upon any of the foregoing, is unable to achieve substantial conformance with the applicable guidelines despite having used Reasonable Efforts to achieve substantial conformance, it shall be deemed to have satisfied its obligations under this Consent Decree as set forth herein regarding remediation of the Website.

14.     The Website, as initially defined in Paragraph 3 above, means the U.S. portion of the eCommerce webpages owned and operated by or on behalf of Defendant that allow consumers to obtain information about Defendant's products and services and purchase products and services on-line for delivery to their homes or places of business in some geographic areas. "Website" does not include any mobile applications or Third-Party Content (as defined below),

DocuSign Envelope ID: 15619321-55CE-4E79-A716-67FB21024018

nor does it apply to any portions of the Website directed at business users or Defendant's business partners, or those designated for internal use by Defendant or its affiliates or to websites not owned, operated or controlled by Defendant but that are linked from or to Website or its mobile applications.

15.    "Third-Party Content" means web content that is generated by a third party and not owned, coded, managed, operated by or on behalf of Defendant, or hosted on the Website.

## TERM

16.    The term of this Consent Decree shall commence as of the Effective Date and remain in effect for the earlier of: (a) twenty-four (24) months from the Effective Date; or (b) the date, if any, that the United States Department of Justice adopts regulations for websites under Title III of the ADA.

## COMPLIANCE WITH TITLE III OF THE ADA

17.    **Web Accessibility Conformance Timeline**: Defendant shall use Reasonable Efforts to improve the existing level of accessibility of the Website as set forth in paragraph 13 hereof and with such improvement to be completed no later than twenty-four (24) months from the Effective Date (the "Compliance Date"; the period from the Effective Date to the Compliance Date shall be the "Modification Period").  Defendant shall not be responsible for ensuring that third party content or plug-ins that are not owned by Defendant, but are otherwise located on the Website or linked to from the Website, are accessible or otherwise conform to WCAG 2.1 AA.

18.    **Plaintiff's Right to Conduct Compliance Audit**:  Plaintiff (through Plaintiff's counsel) shall have the right to perform, at his/her own cost, his/her own accessibility testing of the Website.  Plaintiff (through Plaintiff's counsel) shall have thirty (30) days from the end of the

Modification Period to identify to Defendant in writing any ways in which he/she reasonably believes and contends that Defendant has not substantially complied with its obligations under paragraphs 13 and 17. Such written notice shall specify in detail the alleged breach and the reason why Plaintiff believes that Defendant has not substantially complied with its obligations under paragraphs 13 and 17. If Plaintiff does not raise any issues in writing within the applicable 30-day time frame, Plaintiff will be deemed to have waived any and all remaining rights to challenge the accessibility of the Website. If Plaintiff raises any purported failure(s) of Defendant to substantially comply with its obligations under paragraphs 13 and 17 in writing within the permitted 30-day window provided above, the Parties (through their respective counsel) shall meet and confer within sixty (60) days thereafter in good faith to determine a resolution of the issue(s); provided, however, that the Plaintiff acknowledges and waives any and all rights that she may otherwise have to recover from Defendant any damages, attorneys' or experts' fees, costs, expenses, or disbursements of any kind related to any such activity.

## PROCEDURES IN THE EVENT OF DISPUTES

19.    The procedures set forth in Paragraphs 18 through 24 must be exhausted in the event that Plaintiff alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree. There will be no breach of this Consent Decree by Defendant in connection with such allegations until all such procedures have been exhausted.

20.    If a Party believes that any other Party has not complied with any provision of the Consent Decree, that Party shall provide the other Party with written notice of non-compliance containing the following information: (i) the alleged act of non-compliance; (ii) a reference to the specific provision(s) of the Consent Decree that are involved; (iii) a statement of the remedial action sought by the initiating party; and (iv) a reasonably detailed statement of the specific facts, circumstances and legal argument supporting the position of the initiating party. All

6

notifications must include the above information in reasonable detail and be sent to the Party as specified in Paragraph 25.

21.     Within forty-five (45) days of receipt of a Notice pursuant to Paragraph 20, the non-initiating Party shall respond to the initiating Party in writing.

22.     Within fourteen (14) days after the response described in Paragraph 21, the Parties shall informally meet and confer by telephone or in person and attempt to resolve the issues raised in the Notice.

a.     If the issue remains unresolved within thirty (30) days of the meet and confer referenced in Paragraph 22, the Parties will each have an additional thirty (30) days to select an expert and the two experts will mutually select an independent accessibility consultant with substantial experience in accessible website design who will evaluate the particular item(s) raised based on whether a person who has a visual impairment can adequately utilize the Website.

23.     There will be no breach of this Consent Decree unless (a) the independent accessibility consultant determines that a particular item(s) cannot be accomplished by a person with a visual impairment utilizing one of the following browsers (in versions of which that are currently supported by their publishers): Internet Explorer, Firefox, Safari and Chrome; and (b) Defendant fails to remedy the issue using Reasonable Efforts within a reasonable period of time of not less than ninety (90) days of receiving the accessibility consultant's opinion. If the accessibility consultant believes that a reasonable time using Reasonable Efforts to remedy the items found not to be usable is longer than ninety (90) days, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Agreement or their respective counsel. If the accessibility

DocuSign Envelope ID: 15619321-55CE-4579-A712-67FB21024018

consultant finds that a particular item found not to be usable cannot be remedied using Reasonable Efforts, Defendant shall not be obligated to remedy that item.

24.     Any of the time periods set forth in Paragraphs 21 through 23 may be extended by mutual agreement of the Parties.

25.     Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

If to Plaintiff:          Mark Rozenberg, Esq.
                          Stein Saks, PLLC
                          One University Plaza, Suite 620
                          Hackensack, NJ 07601
                          e-mail: mrozenberg@steinsakslegal.com
                          Phone: (201) 282-6500


If to Defendant:          Adam Michaels, Esq.
                          HAND BALDACHIN & ASSOCIATES, LLP
                          1740 Broadway, 15th Floor
                          New York, New York 10019
                          E-mail: amichaels@hballp.com
                          Phone: (212) 956-9508

## MODIFICATION

26.     No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

## ENFORCEMENT AND OTHER PROVISIONS

27.     The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York.

28.     If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible, and to the fullest extent permitted by applicable law, its original

intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

29.     This Consent Decree contains the entire agreement between the Plaintiff and the Defendant concerning the subject matter described and addressed herein, other than the terms of a settlement agreement by and between the parties that is not incorporated herein by reference, and no other statement, promise, or agreement, either written or oral, made by any party or agent of any party, that is not contained in this Consent Decree shall be enforceable.

## PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

30.     This Consent Decree shall be binding on the Parties and their successors and assigns.   In the event that the Defendant seeks to transfer or assign all or part of its interest in any service covered by this Consent Decree, and the successor or assign intends on carrying on the same or similar use of the Website or online services, then the successor or assignee shall be solely responsible for the obligations remaining under this Consent Decree for the duration of the remaining term of the Consent Decree.

31.     The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of any persons with visual impairment who seek to access the Website, which persons shall constitute third-party beneficiaries to this Consent Decree.  Such third-party beneficiaries shall be entitled to enforce the provisions of this Consent Decree against Defendant and enforce the dispute resolution provisions herein.

32.     The Plaintiff and the Defendant agree that, as of the date of entry of this Consent Decree, litigation is not "reasonably foreseeable" concerning the matters described herein and alleged in the Complaint.  To the extent that any of the Parties previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in Paragraph 3, the Party is no longer required to maintain such a litigation

hold.  Nothing in this paragraph relieves any Party of any other obligations imposed by this Consent Decree.

33.     The signatories represent that they have the authority to bind the respective Parties to this Consent Decree.

## CONSENT DECREE HAS BEEN READ

34.     This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties.  This Consent Decree is signed freely by each Party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

**ELBERT DAWKINS**

Dated:

Elbert
Dawkins

Digitally signed by
Elbert Dawkins
Date: 2023.01.24
18:29:20 -05'00'

Elbert Dawkins, individually

**MOCIUN CORP.**

Dated: 2/13/2023

By: _____

DocuSigned by:

C7954EAFCF3C47C...

Name: Caitlin Mociun

Title: owner

APPROVED AS TO FORM AND CONTENT

**STEIN SAKS, PLLC**

Dated: 1/24/2023                    By: _____

S/Mark Rozenberg

Mark Rozenberg, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Attorneys for Plaintiff

**HAND BALDACHIN & ASSOCIATES LLP**

Dated: 1/26/2023                    By: _____

DocuSigned by:

B34512031FA846D...

Adam B. Michaels
1740 Broadway, 15th Floor
New York, New York 10019
Attorneys for Defendant

## <u>COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE</u>

**THE COURT, HAVING CONSIDERED** the pleadings, law, underlying facts and having reviewed this proposed Consent Decree,

**FINDS AS FOLLOWS:**

1)    This Court has personal jurisdiction over Plaintiff and Defendant for the purposes of this lawsuit pursuant to 28 U.S.C. §§ 1331;

2)    The provisions of this Consent Decree shall be binding upon the Parties;

3)    Entry of this Consent Decree is in the public interest;

4)    This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this lawsuit, nor does it constitute any finding of liability against Defendant;

5)    This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff based on, or arising out of, or in connection with, the allegations in the Complaint.

6)    The Court shall retain jurisdiction over this action to enforce this Consent Decree.

**NOW THEREFORE**, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

**DONE AND ORDERED** this  14  day of  Feb.  2023.


                                           /S/  Frederic Block
                                    _____
                                            U.S.D.J.